# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| WILLIAM JOSEPH LOWE, ) | No. 08-05039-01-CR-SW-DW |
| ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. Pending before the Court is defendant's Motion to Dismiss the Indictment. [Doc. 19]. The government has responded to the motion. [Doc. 22].

Defendant has been charged in this district with knowingly failing to register as a sex offender, as required by the Sex Offender Registration and Notification Act ["SORNA"], in violation of 18 U.S.C. § 2250(a). He has moved to dismiss the indictment on the grounds that: 1) SORNA is inapplicable to him because he was convicted prior to July 27, 2006; 2) applying SORNA in his case violates the *Ex Post Facto* Clause; 3) SORNA is an unconstitutional delegation of authority; 4) retrospective application of SORNA to him violates the Due Process Clause of the Fifth Amendment; and 5) SORNA lacks a jurisdictional nexus under the Commerce Clause to support a federal prosecution.

The factual background of defendant's case indicates that he was sentenced to a 14-year term of imprisonment on June 22, 1995, after pleading guilty to first degree sexual assault in the

1

Combined Court of Jefferson County, Colorado. Prior to his release from prison on May 30, 2006, he was provided with "Notice to Register as a Sex Offender." He signed and initialed the sex offender registration form, which provided him notice that he must register for ten years following his release, and must notify registration authorities of whatever jurisdiction he is in within five days of changing his address or telephone number. Defendant registered as a sex offender in Carroll County, Arkansas, on June 2, 2006, as required by law. On May 23, 2008, he completed a change of address form with the Arkansas State Sex Offender Registry, indicating that he was moving to Lampe, Stone County, Missouri, on May 25, 2008. The government alleges that it was notified in November of 2008 that he had not registered as a sex offender in Stone County, Missouri, and that he was actually living in Barry County, Missouri. Defendant was indicted on December 18, 2008.

It is the position of the government that the Eighth Circuit Court of Appeals issued a decision in United States v. May, 535 F.3d 912 (8th Cir. 2008), on July 31, 2008, which resolves virtually all of the bases for dismissal raised by defendant in his motion.

Defendant asserts that the registration requirements of SORNA are prospective. He asserts that they are inapplicable to him because he was convicted prior to July 27, 2006, and had been released from his sentence before that date. It is also his position that SORNA violates the *Ex Post Facto* Clause of the United States Constitution because application of the law to his case results in an increase in punishment for his prior criminal acts. It is also defendant's contention that the registration provision at issue delegates authority to the Attorney General to determine the retrospective scope of a criminal statute. He argues, moreover, that retrospective application of SORNA violates the Due Process Clause because he did not receive statutory notice. Finally, defendant contends that there is an absence of a jurisdictional nexus because § 2250(a)(2) includes

2

a jurisdictional predicate based upon traveling in interstate commerce. He asserts that, absent a rational basis for concluding that individuals with prior sexual offense convictions have an effect on interstate commerce, there is an insufficient jurisdictional nexus under the Commerce Clause to support a federal prosecution.

Defendant acknowledges that it is aware of the holding in May, as well as a recent Eighth Circuit decision, United States v. Howell, 2009 WL 66068 (January 13, 2009), which upheld the registration requirements of SORNA as a valid exercise of congressional power and as non-violative of the Commerce Clause. He contends, however, that a split in the circuits appears to be developing and that the Supreme Court has not yet ruled on this issue. "Because this Court is bound by the rulings of the Eighth Circuit Court of Appeals, Defendant raises these issues and makes this motion in order to preserve them for ruling by a higher court." [Defendant's Motion, at 17].

The government objects to defendant's contentions. It is asserted that the Court in May held that, regarding the applicability of SORNA to defendant, "a sex offender who was registered prior to the enactment of SORNA, was required to keep his registration current in accordance with the terms." 535 F.3d at 919. The Court also notes that the May Court emphasized that it is "*indisputably clear* that SORNA applies to all sex offenders (as the Act defines that term) regardless of when they were convicted." Id. Therefore, defendant's position is without merit.

Regarding the *Ex Post Facto* Clause, the government again relies on May in which the Eighth Circuit concluded that the "triggering event" for applicability of § 2250 is that defendant traveled in interstate commerce and failed to update his registration after enactment of SORNA. Therefore, prosecuting defendant under § 2250 "is not retrospective and does not violate the ex post facto clause." Id. at 920. Because this issue has been addressed and resolved by the Eighth Circuit,

3

the Court finds defendant's argument to be without merit.

Regarding defendant's contention that the registration provision at issue improperly delegates authority to the Attorney General to determine the retrospective scope of a criminal statute, that claim was likewise rejected under May. The Court held that the defendant lacked standing to raise this issue. Id. at 921. Because defendant, like May, lacks standing, his claim need not be addressed further.

Defendant argues that retrospective application of SORNA violates the Due Process Clause because he did not receive statutory notice of SORNA's registration requirements. The government contends that SORNA requires only a knowing failure to register, not a noticed one, and relies on several unpublished opinions from several district courts to support its position. The May court rejected what it considered to be an "ignorance of the law" argument. Id. It is also clear from the several cases cited by the government that the district courts have been consistent in holding that § 2250 is not a specific intent crime; it does not require a defendant to "knowingly fail to register. . . *with the intent to violate* SORNA." United States v. Ditomasso, 2008 WL 1994866, at *7-10 (D.R.I. May 8, 2008). The Court is satisfied that a correct statement of the law is that defendant need only have knowledge of the illegality of his conduct in failing to register, and does not require knowledge of the statute that makes it illegal.

Finally, defendant contends that the indictment should be dismissed because Congress exceeded its authority under the Commerce Clause in enacting § 2250, the criminal statute under which he has been indicted. It is the government's position that Congress had the authority to enact § 2250, as well as each of SORNA's other provisions. The government contends that § 2250 requires interstate travel by a state sex offender for a violation to occur, which is a jurisdictional

4

trigger that places the statute within Congress's power to regulate "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities." [Government's Response, at 7]. The Eighth Circuit has clearly ruled on this issue, in holding that SORNA is valid under at least the first two interstate commerce jurisdictional prongs. May, 535 F.3d at 922. The Court finds that defendant's assertion is therefore without merit.

Based on the foregoing, it will be recommended that defendant's Motion to Dismiss Indictment be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion to Dismiss Indictment should be denied.

    /s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date:  3/23/09